**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** <br>    **for the use and benefit of** <br><br> **BAYSAVER TECHNOLOGIES, INC.** <br>    **(f/k/a "Baysaver, Inc.")** <br> **1302 Rising Ridge Road, Unit 1** <br> **Mount Airy, Maryland 21771** <br><br>      **Claimant,** <br><br> **vs.** <br><br> **HAMEL BUILDERS, INC.** <br> **6586 Meadowridge Road** <br> **Elkridge, Maryland 21075** <br><br>    **Serve on:** <br><br>    **CT Corporation System** <br>    **1025 Vermont Ave, N.W.** <br>    **Washington, D.C. 20005** <br><br>    **and** <br><br> **ST. PAUL FIRE AND MARINE INSURANCE** <br> **COMPANY** <br> **385 Washington Street** <br> **St. Paul, Minnesota 55102** <br><br>    **Serve on:** <br><br>    **ST. PAUL FIRE AND MARINE** <br>        **INSURANCE  COMPANY** <br>    **Attn:  Surety Claims Counsel** <br>    **385 Washington Street** <br>    **St. Paul, Minnesota 55102** <br><br>    **and** | **Civil Action No._____** |

ANCHOR CONSTRUCTION CORPORATION )
    (f/k/a "C&F Construction Company")   )
2250 South Dakota Avenue, N.E.     )
Washington, D.C. 20018     )
    )
    Serve on:     )
    )
    Klimek, Kolodney, & Casale, P.C.     )
    1701 K. St., N.W. #900     )
    Washington, D.C. 20006     )
    )
    **Defendants**     )
    )

## COMPLAINT

The United States of America, for the use and benefit of Baysaver Technologies, Inc.

(hereafter as "**Claimant**") hereby sues the Defendant Hamel Builders, Inc. (hereinafter as

"**General Contractor**"), and its surety the St. Paul Fire and Marine Insurance Company

(hereafter as "**St. Paul**"), and Anchor Construction Company, formerly known as "C&F

Construction Company" (hereinafter "**Anchor**") and alleges that it is entitled to relief upon the

following facts:

### PARTIES AND JURISDICTION

1.    This Court has exclusive subject matter jurisdiction over this action pursuant to 28

U.S.C. §§1331 and 3133(b)(1) of the Miller Act, codified as 40 U.S.C. §§3131 *et seq.*, as the

Claimant's claims against the General Contractor, St. Paul and Anchor arise from the non-

payment by those defendants under a payment bond supplied in conjunction with the General

Contractor's supply of labor and materials issued pursuant to a Federal construction contract.

2.      Exclusive venue lies in this district under the authority of 40 U.S.C.

§3133(b)(3)(B), since the Federal construction project that gives rise to this action is located in

Washington, D.C., a *situs* located within this judicial district.

3.      Upon information and belief, defendant General Contractor is a corporation

organized and existing under the laws of the State of Maryland, with its principal located at the

address first set forth above in Elkridge, Maryland.

4.      Upon information and belief, the defendant St. Paul is a compensated corporate

surety and insurance company incorporated in the State of Minnesota, which acted as surety on a

performance and payment bond supplied by the General Contractor under its contract for

construction that is the subject of this lawsuit.

5.      Upon information and belief, defendant Anchor is a corporation formed under the

laws of the District of, with its principal located at the address first set forth above.

6.      Defendant Anchor was, upon information and belief, a party in direct contractual

privity with the General Contractor on the bonded construction project.

7.      The Claimant is a corporation organized and existing under the laws of the State

of Maryland, with its principal office and place of business located at the address first set forth

above in Mount Airy, Maryland.

## FACTS COMMON TO ALL COUNTS

8.      The facts and allegations of the preceding paragraphs are adopted and

incorporated as set forth in their entirety herein.

9.      General Contractor entered into a Contract ("**Contract**") with the Bowling Green

Apartments Limited Partnership, as managing agent for the U.S. Department of Housing and

171159 v. (10217.00003)

Urban Development ("HUD") (hereinafter as "**Owner**") to furnish all labor, materials, and services, and to perform all work required for the construction and renovation of a HUD-owned or financed housing project designated as Bowling Green Apartments, HUD Project No. 000-354000, located at 3719 4th Street, S.E. & Wilmington Place, S.E., Washington, D.C. (hereinafter as the "**Project**").

      10.     As required by the Miller Act, General Contractor as Principal, and defendant St. Paul, as Surety, executed a HUD-92452-A standard form payment bond for the protection of the Owner and those class of persons described under the Miller Act that supplied labor, materials and equipment to the Project, whereby General Contractor and St. Paul jointly and severally guaranteed that certain payment obligations would be satisfied (hereinafter as the "**General Contractor's Bond**"). A true copy of the General Contractor's Bond is attached hereto as Exhibit A.

      11.     In conjunction with its contract to perform the Project, the General Contractor and Anchor entered into a subcontract agreement whereby Anchor assumed to perform certain tasks on the Project.

      12.     In conjunction with its subcontract with the General Contractor, Anchor retained the Claimant to supply certain goods in conjunction with the installation of the storm water management system, including water separators and related components, as more fully described in the "Structure Details" and the "Quotation" that formed the basis of Claimant's Supply Contract with Anchor. True copies of these documents are attached hereto as Exhibit B.

13.     The total value of the goods and materials supplied by Claimant to the Project is

$31,420.00, which goods and materials have been accepted by the General Contractor and

Owner, and which goods and materials remain installed and in use on the Project.

14.     Despite demand for payment made upon the Defendants by the Claimant for full

payment of all outstanding amounts, the amount of $12,360.00 remains past due and unpaid.  A

copy of Claimant's Invoice for payment dated July 23, 2004, is attached hereto as Exhibit C.

15.     In compliance with the requirements of the Miller Act, 40 U.S.C. §3133(b)(2),

Claimant provided written notice of non-payment to General Contractor by letter dated August

27, 2004, and all other conditions precedent to bringing this action against these defendants have

been satisfied by the Claimant.  A true and accurate copy of Claimant's August 27, 2004 notice

letter is attached hereto as Exhibit D.

**COUNT I**
**(Action On General Contractor's Payment Bond**
**- As To General Contractor and St. Paul)**

16.     The facts and allegations of the preceding paragraphs are adopted and

incorporated herein as set forth in their entirety.

17.     General Contractor and St. Paul, by issuance of the General Contractor's Bond,

each agreed to be bound jointly and severally, as well as individually, for the payment of all

claimants "having a direct contract with the Principal or with a subcontractor of the Principal for

labor, material, or both, used or reasonably required for use in the performance of the contract,"

as identified on the General Contractor's Bond.

171159 v. (10217.00003)

18.     General Contractor and St. Paul have each breached their obligations of payment by failing, *inter alia*, to pay Claimant the amounts stated above as being due and owed under its subcontract with Anchor for the goods furnished in accordance with the Subcontract and the contract between the General Contractor and the Owner.

19.     Claimant is justly due payments in the total amount of $12,360.00 from Anchor, and upon the failure of Anchor to make such payments, this action under the General Contractor's Bond against General Contractor and St. Paul is permitted.

20.     Claimant supplied goods to the Project on or about May 27, 2004 and July 23, 2004.

21.     In compliance with the Miller Act, the Subcontractor has filed this action in the period of more than ninety (90) days since its last day of work, but less than one (1) year from the date when Claimant last performed its contract work on the Project.

22.     Claimant has satisfied any and all conditions precedent for the bringing and maintenance of this action, or such conditions have occurred, or have been waived by General Contractor and its Surety.

WHEREFORE, Baysaver Technologies, Inc. prays this Honorable Court enter:

a)     A money judgment in its favor and against the General Contractor and St. Paul jointly and severally under the Bond in the principal amount of $12,360.00; and

b)     Prejudgment interest on the unpaid principal sum from the date shown due until the date judgment is entered in this action at the highest rate allowable by law; and

c)     For its costs in bringing this action, including such relief as allowed by law; and

171159 v. (10217.00003)

d)        For all other damages which Claimant might prove at trial of this action.

**COUNT II**
**(Breach Of Contract As To Anchor)**

23.     The facts and allegations of the preceding paragraphs are adopted and incorporated herein as set forth in their entirety.

24.     Pursuant to its Supply Contract with Anchor, Claimant supplied materials that are "goods" within the meaning of Maryland's Uniform Commercial Code, codified as Title 2 of the Commercial Law Article of the Maryland Annotated Code.

25.     Claimant supplied the goods in question to the Anchor and the Project, and such goods were accepted by Anchor after it had the opportunity to inspect the goods for non-conforming defects.

26.     Upon Anchor's acceptance of Claimant's goods, it became bound to pay Claimant in-full in accordance with the terms of the Supply Contract.

27.     Despite Anchor's express duty to pay Claimant after it accepted the goods in question, and modified same for its use, Anchor has failed and intentionally refused to compensate Claimant for the goods supplied and accepted under the Subcontract.

28.     Anchor's actions, inactions, directives, and continued failure to compensate Claimant for the goods furnished by Claimant, and accepted and modified by Anchor, constitute a breach of the Subcontract, for which Anchor is liable.

29.     As a direct and proximate result of the foregoing acts, omissions, directives, and breaches of the Subcontract, Claimant has been damaged in the sum not less than $12,360.00 plus accrued interest.

171159 v. (10217.00003)

WHEREFORE, Baysaver Technologies, Inc. prays this Honorable Court enter:

a)      A money judgment in its favor and against the Anchor Construction Company in the principal amount of $12,360.00; and

b)      Prejudgment interest on the unpaid principal sum from the date shown due until the date judgment is entered in this action at the highest rate allowable by law; and

c)      For its costs in bringing this action, including such relief as allowed by law; and

d)      For all other damages which Claimant might prove at trial of this action.

_____
Howard S. Stevens, D.C. Bar No. #466924
WRIGHT, CONSTABLE & SKEEN, LLP
One Charles Center, 16th Floor
100 North Charles St.
Baltimore, MD  21201
Telephone:  410/659-1300
*Attorneys for Baysaver Technologies, Inc.*

171159 v. (10217.00003)